UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DAVID SANFORD, | ) |
| Petitioner, | ) Civil Action No. 7: 20-125-WOB |
| v. | ) |
| USA | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner David Sanford is a federal inmate currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Sanford has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee required by 28 U.S.C. § 1914.

The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

**I.**

In February 2004, pursuant to a plea agreement with the United States, Sanford pled guilty in the United States District Court for the District of Maine to conspiracy to interfere

1

with commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a) (Count 1s); possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count 3s); possession of a firearm by a felon and armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 4s); and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 5s).  In August 2004, Sanford was sentenced to 240-month terms of imprisonment on each of Counts 1s, 4s, and 5s, and 120 months imprisonment on Count 3s, all to be served concurrently for a total term of imprisonment of 240 months.  *United States v. David Sanford*, No. 1:03-cr-053-JAW (D. Maine 2003).[1]  Sanford's conviction and sentence were affirmed on appeal to the United States Court of Appeals for the First Circuit. *United States v. Sanford*, No. 04-2125 (1st Cir. Dec. 28, 2005).

In April 2007, Sanford filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The Court granted the Government's motion to dismiss Sanford's § 2255 petition based on a waiver in his plea agreement.  *Sanford v. United States*, No. 1:07-cv-0050-JAW (D. Maine 2007).[2]  In August 2015, Sanford filed a second or successive § 2255 petition in the Maine District Court.  However, the District Court stayed the matter while Sanford

---

[1] This Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also* Fed. R. Evid. 201(b)(2).

[2] Indeed, his waiver may also preclude this § 2241 petition, as Sanford agreed to waive "the right to appeal or to collaterally challenge…the imposition by the District Court of a sentence which does not exceed 240 months; and [the conviction in his criminal case] in the event that any predicate conviction used to adjudicate him a Career Offender pursuant to U.S.S.G. §4B1.1 is found invalid by any state or federal court." *Sanford v. United States*, No. 1:07-cv-0050-JAW (D. Maine 2007) at R. 4, p. 2, citing Sanford's Revised Plea Agreement at ¶5, docketed at R. 109 in *United States v. David Sanford*, No. 1:03-cr-053-JAW (D. Maine 2003).  The waiver to bring collateral challenges contained an exception for challenges "based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*.

sought permission to proceed with a second § 2255 petition from the First Circuit. Subsequently, Sanford and the Government filed a joint motion to dismiss his petition with the First Circuit, which was granted.[3] Accordingly, the District Court likewise dismissed his second § 2255 petition. *Sanford v. United States*, 1:15-cv-0367-JAW (D. Maine 2015).

## II.

Sanford has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. As grounds for his petition, Sanford states that "new Supreme Court rulings have declared 'conspiracy to commit Hobbs Act robbery' non-violent." [R. 1 at p. 2] The only further explanation for the basis of his claim is as follows:

> Two new Supreme Court rulings have ruled that my main charge 'conspiracy to commit Hobbs Act robbery' is a non-violent crime. Offense (instant) level would be much less. My ordinary Guideline computations had my adjusted offense level was (28) that is with my instant offense being a crime of violence resulting in a much higher level. I've served 90% of my 240 month sentence would be released with any amount of recalculation.

[R. 1 at p. 6] Sanford requests that this Court adjust his offense level, which he claims would result in a lower criminal history category, a lower Sentencing Guidelines range and a lower sentence. [*Id*. at p. 8]

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

---

[3] The parties' joint motion was based on the parties' agreement that, while Sanford was no longer subject to the Armed Career Criminal Act (the "ACCA"), his Career Offender status remains unaffected under current law. *Sanford v. United States*, No. 16-1073 (1st Cir. 2016), Joint Motion to Dismiss Case.

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)

Here, Sanford challenges the classification of his conspiracy to commit Hobbs Act robbery conviction for sentencing purposes. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012)

("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. In addition, the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

While Stanford purports to rely on "two new Supreme Court rulings," he makes no effort to identify the cases upon which he relies, nor does he adequately explain how the holdings in those cases apply to him. *Pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), but the Court cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."); *Coleman v. Shoney's, Inc.*, 79

5

F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Because it is the habeas petitioner's burden to show that he may be entitled to relief, Sanford's failure to identify the specific Supreme Court decisions on which he relies fails to satisfy this burden.  This failure alone is a sufficient reason to deny his petition on preliminary review.  However, Sanford's argument is also without merit.  According to Sanford's petition, if his "conspiracy to commit Hobbs Act robbery" conviction is no longer a violent crime, his offense level would be reduced, which would then reduce his Guideline sentence.  [R. 1 at p. 6]  Sanford states that his adjusted offense level was a 28, but that this was "with my instant offense being a crime of violence resulting in a much higher level."  [*Id*.]

However, in this case, the sentencing court has specifically explained Sanford's Sentencing Guidelines calculation.  *See United States v. David Sanford*, No. 1:03-cr-053-JAW (D. Maine 2003) at R. 169.  In a Status Order denying Sanford's motion for reduction of sentence under Amendment 782 of the Sentencing Guidelines, the Court found that Amendments 782 and 788 would not change Sanford's Guidelines calculation, explaining that:

> In making this conclusion, the Court unpacked Mr. Sanford's Guidelines calculations, which resulted in a total offense level of 32.  The Court arrived at this calculation by starting with a base offense level of 24 under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(1) for a violation of 18 U.S.C. § 922(g)(1), the felon in possession charge.  *Tr. of Proceedings, Continuation of Sentencing Proceedings* 20:24-21:2 (ECF No. 134).  The Court added the following enhancements: (1) a two level enhancement under U.S.S.G. § 2K2.1(b)(4) because the offense involved a stolen firearm, and (2) a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because Mr. Sanford possessed the firearm in connection with another felony offense, bringing the offense level to 30.  *Id*. 21:3-10.  Mr. Sanford was entitled to a two-level reduction under U.S.S.G. § 3E1.1(a), bringing the offense level down to 28.  *Id*. 21:11-14.  However, at the time of the sentencing hearing, Mr. Sanford was considered an armed career criminal, and the Guidelines therefore required that the offense level be increased to 34 under U.S.S.G. § 4B1.4.  *Id*. 21:15-19.  Reducing this

6

offense level by two under U.S.S.G. § 3E1.1(a), the adjusted total offense level was 32. *Id*. 21:20-23. As Mr. Sanford's criminal history category was VI, the Guidelines range for imprisonment was 210 to 262 months. *Id*. 21:24-22:3. The Court's sentence of 240 months was a Guidelines sentence.

In his § 2255 petition, Mr. Sanford challenged the sentencing determination that he was an armed career criminal under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). As part of their stipulated dismissal, the parties agreed that "Mr. Sanford is no longer subject to the Armed Career Criminal Act (the "ACCA") but that his current Career Offender sentence remains unaffected under current law." *Stip. Mot. to Dismiss* at 1. Under U.S.S.G. § 4B1.1(b)(2), the Career Offender Guidelines provision, if the maximum sentence for the offense was 25 years or more, the offense level would be fixed at 34. Here, the maximum sentence for Count Five, the possession of a controlled substance offense count, was 30 years. Therefore, the same offense level and Guidelines range applicable under U.S.S.G. § 4B1.4, the Armed Career Criminal Guidelines provision, would apply under his acknowledged career offender status. *See* U.S.S.G. § 4B1.1(b)(2).

*See United States v. David Sanford*, No. 1:03-cr-053-JAW (D. Maine 2003) at R. 169, p. 3-5.

Thus, according to the Court that sentenced him, his offense level was not affected by a classification of his conspiracy to commit Hobbs Act robbery conviction as a "crime of violence." Rather, his offense level of 34 was originally driven by: 1) his status as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); 2) his possession of a stolen firearm in violation of 18 U.S.C. § 922(j); 3) the enhancement applicable under U.S.S.G. § 2K2.1(b)(5) because he possessed a firearm in connection with another felony offense;[4] and 4) his status as an armed career criminal. Even after the parties agreed that Sanford was no longer subject to the ACCA, his offense level remained 34 because of the maximum sentence for his

---

[4] At the time of Sanford's Sentencing, U.S.S.G. § 2K2.1(b)(5) provided that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." U.S.S.G. § 2K2.1 (effective November 1, 2003). Thus, this enhancement only required that the firearm be used in connection with another felony offense, not necessarily a "crime of violence."

7

possession of a controlled substance offense.[5]  For this reason, even if Sanford is correct that his conspiracy to commit Hobbs Act robbery is no longer a "crime of violence," this finding would not entitle him to the relief he seeks, which is a recalculation of his Sentencing Guidelines based on a lower offense level.

For all of these reasons, Sanford's claims do not fall within the limited exception recognized by *Hill* and *Wright*, and, therefore, he may not challenge his convictions in this § 2241 proceeding.

Accordingly, it is hereby **ORDERED** as follows:

1. Sanford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 14th day of October, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

---

[5] The sentencing court further explained that "Count Five of the Superseding Indictment alleged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) for the knowing possession with the intent to distribute oxycodone, a Schedule II controlled substance. Superseding Indictment (ECF No. 51). The maximum sentence for Count Five was not more than thirty years imprisonment. Revised Agreement to Plead Guilty at 2 (ECF No. 109)." *See United States v. David Sanford*, No. 1:03-cr-053-JAW (D. Maine 2003) at R. 169, p. 5 FN4.